2019R00736/AA

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Criminal No. 20- |
| CHRISTOPHER JENNINGS | : | 18 U.S.C. § 669 |

## INFORMATION

### (Theft in Connection with Health Care)

The United States Attorney for the District of New Jersey charges:

1. Unless otherwise indicated, at all times relevant to this Information:

   a. Defendant CHRISTOPHER JENNINGS was a resident of Cedar Grove, New Jersey and a New Jersey public school principal.

   b. Brian Catanzarite was a resident of New Jersey and an associate of JENNINGS.

   c. Company A, a New Jersey company, was a company involved in the marketing and sales of prescription compounded medications, such as various scar creams, pain creams, and metabolic supplements.

   d. The New Jersey School Employees' Health Benefits Program ("SEHBP") offered medical and prescription drug coverage to qualified local education public employees, retirees, and eligible dependents. Individuals covered under the SEHBP were referred to as SEHBP beneficiaries and received an insurance

identification card. The SEHBP was a "health care benefit program" that affected commerce as defined by 18 U.S.C. § 24(b).

   e. In general, "compounding" was a practice in which a licensed pharmacist or physician, combined, mixed, or altered ingredients of a drug to create a medication tailored to the needs of an individual patient. Pharmacies engaged in the practice of compounding were referred to as "compounding pharmacies."

   f. Compounded drugs were not approved by the Food and Drug Administration ("FDA"), that is, the FDA did not verify the safety, potency, effectiveness, or manufacturing quality of compounded drugs.

   g. Generally, compounded drugs were prescribed by a physician when an FDA-approved drug did not meet the health needs of a particular patient. For example, if a patient was allergic to a specific ingredient in an FDA-approved medication, such as a dye or preservative, a compounded drug could be prepared excluding the substance that triggered the allergic reaction. Compounded drugs could also be prescribed when a patient could not consume a medication by traditional means, such as an elderly patient or child who could not swallow a FDA-approved pill and needed the drug in a liquid form that was not otherwise available.

2.  From in or about January 2015 to in or about February 2016, in the District of New Jersey and elsewhere, defendant

**CHRISTOPHER JENNINGS**

did knowingly and willfully steal, and otherwise without authority convert to the use of a person other than the rightful owner, and intentionally misapply the moneys, funds, property, and other assets of SEHBP, a health care benefit program, that is, payments made by SEHBP for medically unnecessary compounded medications that JENNINGS caused to be submitted to SEHBP.

3.  JENNINGS and others, including Catanzarite, schemed to obtain money from the SEHBP to which they were not entitled by causing the submission of false and fraudulent insurance claims to SEHBP for medically unnecessary compounded prescription medications. These compounded medications could be billed to paying health plans, like SEHBP, at exorbitant prices that were substantially more expensive than their FDA-approved drug therapeutic equivalent.

4.  JENNINGS, a SEHBP beneficiary, was recruited to the scheme by Catanzarite, a sales representative for Company A, to obtain medically unnecessary prescriptions for compounded medications for himself and his family members and to recruit other SEHBP beneficiaries to do the same.

5.  After JENNINGS obtained these medically unnecessary prescriptions, Catanzarite, through Company A, directed those prescriptions to a certain compounding pharmacy that had a corrupt relationship with Company A.

3

JENNINGS, Catanzarite, and others then caused SEHBP to be billed for the compounding pharmacy's filling of those medically unnecessary prescriptions.

6. After SEHBP paid the compounding pharmacy for filling these medically unnecessary prescriptions, the pharmacy, in turn, paid a percentage of the reimbursement amount to Company A, which then paid Catanzarite for those medically unnecessary prescriptions that he procured.

In violation of Title 18, United States Code, Section 669 and Section 2.

_____
CRAIG CARPENITO
United States Attorney

CASE NUMBER: _____

# United States District Court
## District of New Jersey

**UNITED STATES OF AMERICA**

v.

**CHRISTOPHER JENNINGS**

# INFORMATION FOR

18 **U.S.C.** §§ 669

CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

Ailyn Abin

ASSISTANT U.S. ATTORNEY
Newark, New Jersey
973-645-2704