

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey  07102*

AA/PL AGR
2019R00736

June 9, 2020

Daniel Holzapfel, Esq.
Biancamano Law, LLC
312 North Avenue East, Suite #7
Cranford, New Jersey 07016

Re:  <u>Plea Agreement with Christopher Jennings</u>

Dear Mr. Holzapfel:

This letter sets forth the plea agreement between your client, Christopher Jennings, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on June 22, 2020 if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Christopher Jennings to an information that charges Christopher Jennings with theft in connection with health care in violation of 18 U.S.C. § 669 and § 2. If Christopher Jennings enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Christopher Jennings for, from in or about January 2015 to in or about February 2016, knowingly and willfully stealing, and otherwise without authority converting to the use of a person other than the rightful owner, and intentionally misapplying the moneys, funds, property, and other assets of the New Jersey School Employees' Health Benefits Program (SEHBP), a health care benefit program, for medically unnecessary compounded medications that Christopher Jennings caused to be submitted to SEHBP.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Christopher Jennings agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this

agreement is signed by Christopher Jennings may be commenced against him, notwithstanding the expiration of the limitations period after Christopher Jennings signs the agreement.

Sentencing

The violation of 18 U.S.C. § 669 carries a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of: (1) $100,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Christopher Jennings is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Christopher Jennings ultimately will receive.

Further, in addition to imposing any other penalty on Christopher Jennings, the sentencing judge: (1) will order Christopher Jennings to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Christopher Jennings to pay restitution pursuant to 18 U.S.C. § 3663A; and (3) pursuant to 18 U.S.C. § 3583, may require Christopher Jennings to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Christopher Jennings be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Christopher Jennings may be sentenced to not more than 1 year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing and pursuant to 18 U.S.C. § 3663A, Christopher Jennings agrees to pay restitution in the amount of $89,553.64 for losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense. Christopher Jennings understands that such restitution will be included in the Court's judgment and an unanticipated amount of a restitution will not serve as grounds to withdraw Christopher Jennings's guilty plea. Christopher Jennings understands that any restitution obligation imposed by the court is due and payable immediately. In the event the

Court imposes a schedule for payments of restitution, Christopher Jennings agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's restitution obligation. Christopher Jennings understands that he has a continuing obligation to pay in full, as soon as possible, any restitution obligation imposed by the Court.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Christopher Jennings by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Christopher Jennings's activities and relevant conduct with respect to this case.

Stipulations

This Office and Christopher Jennings agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Christopher Jennings from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Christopher Jennings waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Defendant understands and agrees that if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization, if he is not already in that status. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense, knowing that this plea may result in his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Christopher Jennings. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Christopher Jennings.

No provision of this agreement shall preclude Christopher Jennings from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Christopher Jennings received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Christopher Jennings and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By:  AILYN ABIN
Assistant U.S. Attorney

APPROVED:

LEE M. CORTES, JR.
Chief, Health Care Fraud Unit

- 5 -

I have received this letter from my attorney, Daniel Holzapfel, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


Christopher Jennings                          Date: 6/22/20


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Daniel Holzapfel, Esq.                        Date: 6/22/2020


Stacy Biancamano                             6/22/2020


- 6 -

Plea Agreement with Christopher Jennings

Schedule A

1. This Office and Christopher Jennings agree to stipulate to the following facts:

    a.    From in or about January 2015 to in or about February 2016, defendant Christopher Jennings and others obtained money from the New Jersey School Employees' Health Benefits Program ("SEHBP") to which they were not entitled by causing the submission of false and fraudulent insurance claims to SEHBP for medically unnecessary compounded prescription medications.

    b.    Christopher Jennings obtained medically unnecessary prescriptions for compounded medications for himself and other SEHBP beneficiaries and caused those prescriptions to be filled.

    c.    After SEHBP paid the compounding pharmacy for filling these medically unnecessary prescriptions, the pharmacy, in turn, paid others, who ultimately paid Christopher Jennings money for the medically unnecessary prescriptions that he procured.

2.    If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.